**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

MELISSA MOORE AND                                   CIVIL ACTION NO.:
CHARLES DARNELL CARLISLE

                                                    DISTRICT JUDGE:
VERSUS

                                                    MAGISTRATE JUDGE:
GO RAM TRANSPORTATION, LLC
JOSE GERARDO ROSALES SOTO,
AND   TERRY   FRYE   D/B/A   AFTER
HOURS REPAIR SERVICES

**NOTICE OF REMOVAL**

Defendants, GoRam Transportation, LLC and Jose Gerardo Rosales Soto[1] (hereinafter

collectively referred to as "Defendants"), who file this Notice of Removal pursuant to 28 U.S.C.

§ 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 6th Judicial

District Court for the Parish of Madison, State of Louisiana, to the docket of this Honorable

Court.

1.

On or about December 23, 2025 Plaintiffs, Melissa Moore and Charles Darnell Carlilse

(hereinafter referred to as "Plaintiffs"), filed a Petition for Damages in the 6th Judicial District

Court for the Parish of Madison, State of Louisiana, Docket Number 25-214, entitled, "*Melissa*

---

[1] Soto joins and consents to this removal even though he has not been served.  However, he does not waive service of process.  *See, e.g., City of Clarksdale v. Bellsouth Telecommunications, Inc.*, 428 F. 3d 206, fn.15 (5th Cir. 2005) ("A defendant's removal to federal court does not waive its right to object to service of process."); *Gill v. Jacobs Engineering Group, Inc.*, 2011 WL 3796751, *2 (M.D. La. 2011) ("the Court notes that defendant's removal of this case does not waive its objections to service of process).

*Moore and Charles Darnell Carlilse v. Go Ram Transportation, LLC; Jose Gerardo Rosales Soto, and Terry Frye d/b/a After Hours Repair Services"*[2] The lawsuit arises from a motor vehicle collision which occurred on or about July 31, 2025 in Madison Parish, Louisiana.[3] Decedent, Charles Moore, traveled approximately 125 feet in the grass off the shoulder of I-20 W, and struck the passenger's side of the disabled trailer being pulled by Soto.  Soto had both triangles out and flashers on.

2.

GoRam was served on January 16, 2026.   No other Defendant has been properly served as of February 6, 2026.[4]

**I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

3.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different States….(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties"

---

[2] A copy of the Petition for Damages is attached hereto as Exhibit "A"

[3] *See* Exhibit A, at  ¶ 2.

[4] Terry Frye reports he has not been served as February 6, 2026.  GoRam indicates that the Petition for Soto was mailed to the GoRam office in El Paso, Texas.  Soto is a resident citizen of Mexico.  As such, service on him must be pursuant to the Hague Convention.

2

## A.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

4.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"[5]

5.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought. However, Plaintiff's original Petition for Damages did not comply with the Louisiana Code of Civil Procedure in that they did not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. C.C.P. art. 893(A)(1).[6]

6.

Nonetheless, it is facially apparently from the Complaint that the amount in controversy exceeds this Honorable Court's jurisdictional minimum of $75,000.00 for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332. While there is not a per se rule that wrongful

---

[5] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[6] See Exhibit A generally.

3

death claims exceed $75,000.00., the Fifth Circuit has consistently held that it is facially apparent the amount in controversy exceeds $75,000.00 in wrongful death claims.[7]

7.

Plaintiffs alleged they are the parents of the decedent.  Plaintiffs assert both wrongful death and survival claims.[8] In their Petition, Plaintiffs seek recovery of all damages allowed by Louisiana law and equity, including past, present, and future physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; medical expenses incurred and to be incurred in the future; transportation expenses related to medical treatment; funeral and burial expenses; loss of income and/or loss of earning capacity; loss of consortium, companionship, and society; property damage; and all other general and special damages recoverable under law. Plaintiffs further request judicial interest, court costs, and any additional relief deemed appropriate, while reserving the right to supplement or amend their damages claims as discovery progresses.[9]

8.

While Defendants deny liability for any alleged injuries of Plaintiff, the claims of Plaintiff may exceed the sum of $75,000, exclusive of interest and costs.  As such, the amount in controversy requirement is satisfied.

---

[7] *Menendez v. Wal-Mart Stores, Inc.*, 2010 WL 445740, *67 (5th Cir. 2010) (internal citations omitted);
[8] See Exhibit A, ¶9.
[9] *Id.* at ¶14 and 15.

### B.    COMPLETE DIVERSITY EXISTS

9.

The citizenship of an individual, natural person is determined by the individual's state of domicile and by being a United States citizen. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).  Upon information and belief, Plaintiff Melissa Moore is a United States citizen.  Further, upon information and belief, Moore is domiciled in the state of Mississippi.  Further still, upon information and belief, Moore is a citizen of the state of Mississippi.  As such, Moore is a citizen of the state of Mississippi for the purposes of diversity jurisdiction.

10.

Upon information and belief, Plaintiff Charles Carlilse is a United States citizen.  Further, upon information and belief, Carlilse is domiciled in the state of Alabama.  Further still, upon information and belief, Carlilse is a citizen of the state of Alabama.  As such, Carlilse is a citizen of the state of Alabama for the purposes of diversity jurisdiction.

11.

GoRam Transportation, LLC is a limited liability company. Accordingly, its citizenship for the purposes of diversity is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077 (5th Cir. 2008).  GoRam's sole member is Daniel Rodriguez, an individual, natural person.  Rodriguez is domiciled in the state of Texas and is a resident citizen of the state of Texas. Therefore, GoRam Transportation, LLC is a resident citizen of the states of Texas for the purposes of diversity jurisdiction.

5

12.

Jose Soto is a resident citizen of the Country of Mexico.  As such, 28 U.S.C. 1332(a)(2) provides diversity jurisdiction.

13.

Upon information and belief, Defendant Terry Frye is a United States citizen.  Further, upon information and belief, Frye is domiciled in the state of Louisiana.  Further still, upon information and belief, Frye is a citizen of the state of Louisiana.  As such, Frye is a citizen of the state of Louisiana for the purposes of diversity jurisdiction.

14.

There is complete diversity between the Plaintiff and Defendants.

## II.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

15.

GoRam was served on January 16, 2026.  No other Defendant has been properly served.

16.

Importantly, the forum defendant rule, 28 U.S.C. §1441(b)(2), does not prevent removal since Terry Frye, the forum defendant, has not been served yet. The Fifth Circuit ruled that snap removal is allowed based on the plain language of the forum defendant rule statute. *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020). "We agree with a comment made by the Second Circuit: "By its text, then, Section 1441(b)(2) is inapplicable until a **home-state defendant has been served** in accordance with state law; until then, a state court lawsuit is

removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020), emphasis added, (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019)).

18.

The Notice of Removal was properly filed within thirty (30) days of January 16, 2026.

19.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein Plaintiffs; alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from the Defendants.

20.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 6th Judicial District Court for the Parish of Madison, State of Louisiana.

21.

No previous application has been made for the relief requested herein.

22.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

## JURY DEMAND

23.

Defendants are entitled to and hereby request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, GoRam Transportation, LLC and Jose Soto, pray that the action entitled: "*Melissa Moore and Charles Darnell Carlilse v. Go Ram Transportation, LLC; Jose Gerardo Rosales Soto, and Terry Frye d/b/a After Hours Repair Services*" bearing number 25-214, pending in the 6th Judicial District Court for the Parish of Madison, State of Louisiana, be removed from the state court docket to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

/s/ Eric R. Price

**GUY D. PERRIER, #20323**
**ERIC R. PRICE,  #40017**
PERRIER & LACOSTE, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820; Direct: (504) 535-2588
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: eprice@perrierlacoste.com
**Counsel for Defendants,**
*GoRam Transportation, LLC and Jose Soto*

---

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system or by email transmission, this **6th** day of **February, 2026**, at their last known address of record.

/s/ Eric R. Price
**ERIC R. PRICE**