**MELISSA MOORE AND**

**CHARLES DARNELL CARLISLE**

**VERSUS**

**GO RAM TRANSPORTATION, LLC;**
**JOSE GERARDO ROSALES**
**SOTO, AND TERRY FRYE D/B/A**
**AFTER HOURS REPAIR SERVICES**

NUMBER: 24-214 DIVISION: B

**6TH JUDICIAL DISTRICT COURT**

**PARISH OF MADISON**

**STATE OF LOUISIANA**

---

## PETITION FOR DAMAGES

---

**NOW INTO COURT,** through undesigned counsel, come Petitioners, Melissa Moore of Meridian, Mississippi and Charles Darnell Carlisle of Lisman, Alabama (hereinafter jointly referred to as "Petitioners"), persons of the full age of majority who are the parents of the decedent, Charles D. Moore (hereinafter "Moore"), and who on their own behalf and on behalf of their deceased son, respectfully represent to this Court as follows:

### PARTIES

1.

Moore died unmarried and without children. The Petitioners are Moore's parents and bring this survival and wrongful death action pursuant to La. C.C.P. Art. 2315.1 and 2315.2.

2.

The following parties are made Defendants herein and are joint tortfeasors:

a. **Go Ram Transportation, LLC**, (hereinafter "Go Ram") a Texas limited liability company, who may be served through its registered agent for service of process, Erika Rodriguez, at its registered office at 10822 George Archer Dr., El Paso, TX 79935.

b. **Jose Gerardo Rosales Soto**, (hereinafter "Soto") is an individual and is believed to be a resident of the State of Texas, who may be served at 10822 George Archer Dr., El Paso, TX 79935.

EXHIBIT A

A TRUE COPY ATTEST

Dy. Clerk of Court Madison Parish

c. **Terry Frye d/b/a After Hours Repair Services** (hereinafter "After Hours") is an individual and is believed to be a resident of the State of Louisiana, who may be served at 6 Highway 609, Delhi, LA 71232.

## JURISDICTION & VENUE

3.

This Court has jurisdiction of this matter because the damages claimed by the Petitioners are within the jurisdictional limits of the Court, and venue is proper in Madison Parish in so much as the wrongful conduct occurred and Moore died in Madison Parish.

## FACTS

4.

On July 10, 2025 at approximately 4:12 a.m., Moore was traveling West on Interstate 20 in Madison Parish, Louisiana near its intersection with LA HWY 577 in a 2024 International commercial vehicle when he experienced an unknown emergency.

5.

When the emergency occurred, Moore veered right off the interstate and violently struck a tractor-trailer that was illegally, negligently and dangerously parked on the right paved shoulder / emergency lane of Interstate 20.

6.

Moore died from the injuries sustained in this motor vehicle crash at the scene of the crash.

7.

At the time of the crash, Soto was sleeping and had been sleeping for over three (3) hours in the Go Ram tractor-trailer which Soto had parked on a paved portion of the right shoulder/emergency lane of West bound Interstate 20, in

clear violation of applicable law, industry standards and company policy.

8.

At all relevant times, the tractor-trailer was owned by Go Ram and operated by Soto who was acting within the course and scope of his employment with Go Ram.

9.

At the aforementioned intersection there are two (2) commercial truck stops, namely Waverly Truck Stop to the North of I-20 and Big Top Travel Center to the South of I-20. Big Top Travel advertises and provides the following services 24-hours per day, 7 days a week:

1. "PLENTIFUL TRUCK PARKING – Our Truck parking service offers (50) convenient parking solutions for trucks of all sizes, ensuring peace of mind for drivers and fleet managers."

2. "TRUCKERS LOUNGE – Our Truckers Lounge offers a comfortable and welcoming space for truck drivers to relax and recharge with amenities including TVs, showers and Laundry Services."

3. "TRUCKER & AUTOMOTIVE SUPPLIES – Our Truckers Supplies store offers a wide range of essential items for truck drivers, including … truck maintenance supplies, ensuring convenience and comfort on the road."

10.

Additionally, one intersection (13 miles) to the East of the accident site in the City of Tallulah, Louisiana, there are three (3) large commercial truck stops namely, TA Travel Center, Loves Travel Stop and Tallulah Travel Plaza. TA Travel Center who operates 24-hours, 7 days a week and offers the following services:

1. EMERGENCY ROADSIDE ASSISTANCE.

2. "Professional truck drivers can park with us overnight in one of our 135 truck parking spaces and take advantage of our numerous amenities"

Loves Travel Stop operates 24-hours, 7 days a week and offers the following services:

1. Roadside Assistance.

2. Overnight Truck Parking, Tire Services, Light Mechanical, Commercial Truck Oil Change, TirePass In-Service Center, Freightliner ExpressPoint.

Tallulah Travel Plaza is a locally owned and operates 24-hours, 7 days a week and offers the following services:

1. Roadside Assistance.

2. Overnight Truck Parking with 135 spaces with drivers lounge and truckers supply store.

3. AC service, light repairs, lube & PM, major repairs, reefer repairs, tire repairs, tire sales, oil/full additives.

11.

After Soto parked his tractor-trailer on the right-of-way of Interstate 20 but before the aforementioned accident Terry Frye d/b/a After Hours Repair Services preformed mechanical services on the tractor owned by Go Ram and operated by Soto on paved right-side shoulder/emergency lane of said interstate.

## LIABILITY OF GO RAM AND SOTO

12.

The direct, proximate and legal cause of the above-described incident

was the negligence of Defendants, Go Ram and Soto, as imputed unto his employer, in the following, non-exclusive particulars:

As to Defendant Soto:

a. Parking the tractor-trailer on the paved right-side shoulder/emergency lane of the interstate to sleep in violation of applicable law, industry standards, and company policy;

b. Operating his vehicle in an unsafe manner;

c. Failing to take proper safety precautions under the circumstances;

d. Failing to act as a reasonable prudent person under the circumstances;

e. Failing to comply with prevailing motor vehicle safety standards;

f. Failing to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

g. Failing to properly maintain his motor vehicle, and

h. Any other negligent acts and/or omissions uncovered through discovery.

As to Defendant Go Ram:

a. Failing to properly train, supervise, and/or provide guidance to Soto;

b. Negligently entrusting the tractor-trailer to Soto to the detriment of the safety of other motorists;

c. Negligently hiring and/or retaining Soto despite prior knowledge that he was unfit for employment;

d. Failing to enact or adhere to reasonable policies and procedures to ensure the safety of motorists;

e.  Failing to observe unsafe conditions under which Soto operated the vehicle in question;

f.  Failing to prevent Soto from driving under unsafe conditions and an unsafe and reckless manner;

g.  Failing to discipline and/or terminate Soto's employment for prior unsafe acts;

h.  Failing to comply with prevailing motor vehicle safety standards;

i.  Failing to maintain the tractor-trailer Soto was operating in a good and safe condition;

j.  Failing to ensure that the tractor-trailer Soto was operating had the parts and accessories necessary for safe operation;

k.  Aiding and abetting its employees in violation of applicable law, industry standards, and company policy;

l.  Failing to supervise and monitor the operator of the tractor-trailer Soto was operating;

m.  Failing to keep said tractor-trailer equipped with brakes, tires, engine and lights in good and safe state of repair, and

n.  Any other negligent acts and/or omissions uncovered through discovery.

All in violation of the applicable statutes of the State of Louisiana and federal statutes, all of which are pled herein and made a part hereof as if copied, *in extenso*.

## LIABILITY OF AFTER HOURS

13.

The direct, proximate and legal cause of the above-described incident was the negligence of Defendant, After Hours, in the following, non-exclusive

particulars:

a. Allowing the tractor-trailer to remain parked on the paved right-side shoulder/emergency lane of the interstate in violation of applicable law, industry standards, and company policy;

b. Failing to take proper safety precautions under the circumstances;

c. Failing to act as a reasonable prudent person under the circumstances;

d. Failing to comply with prevailing motor vehicle safety standards;

e. Failing to use the knowledge and skills necessary to perform repair services on a commercial motor vehicle safely;

f. Failing to properly repair the aforementioned motor vehicle;

g. Failing to enact or adhere to reasonable policies and procedures to ensure the safety of motorists when performing roadside repairs on commercial vehicles;

h. Aiding and abetting Soto and Go Ram in violation of applicable law, industry standards, and company policy;

i. Any other negligent acts and/or omissions uncovered through discovery.

All in violation of the applicable statutes of the State of Louisiana and federal statutes, all of which are pled herein and made a part hereof as if copied, *in extenso*.

## DAMAGES

14.

As a result of the above-described incident, Petitioners assert, pursuant to La. C.C.P. Art. 2315.1, a survival cause of action against the Defendants named herein for all the damages legally, directly and/or proximately

caused by their negligence. Petitioners are entitled by operation of law to recover all survival damages of the decedent Moore allowed by law, including:

1. Fear of loss of life;

2. Pre-death mental pain and suffering;

3. Pre-death physical pain and suffering;

4. Loss of life;

5. All other damages allowed by law or equity.

15.

As a result of the above-described incident, Petitioners assert, pursuant to La. C.C.P. Art. 2315.2, a wrongful death cause of action against the Defendants named herein for all the damages legally, directly and/or proximately caused by their negligence. Petitioners are entitled by operation of law to recover all damages suffered by them as a result of the wrongful death of Moore, including:

1. Loss of financial support and services including, but not limited to, lost earnings and/or earning capacity;

2. Pre-death medical expenses;

3. Transportation, burial and/or funeral expenses;

4. Past, present, and future loss of love, companionship, attention and affection;

5. Past, present, and future emotional distress and psychological injury;

6. Loss of consortium, company, and society of a son, and

7. All other damages allowed by law and equity.

**PRAYER FOR RELIEF**

16.

Petitioners are entitled to and request a trial by jury of all issues presented herein.

WHEREFORE, Petitioners pray that all named Defendants be fully cited and served as the law prescribes, and after due proceedings are held, there be judgment rendered herein in their favor and against the Defendants in a sum for such damages as are reasonable in the premises, with all applicable penalties, and with judicial interest on all such damages from the date of judicial demand until paid, and for all cost of these proceedings.

**Respectfully Submitted,**

*[signature]*

**H. Price Mounger, III, Bar Roll No. 19077**
**Post Office Box 277**
**611 Queen Mountain Road**
**Highlands, NC 28741**
**Telephone: (504) 782-1385**
**Email Address:**
**PriceMounger@gmail.com**

*Attorney for Melissa Moore and Charles Darnell Carlisle*

**PLEASE SERVE VIA LOUISIANA LONG ARM STATUTE:**

### 1. GO RAM TRNSPORTATION, LLC
Trough the Louisiana Long Arm Statute
Through its Registered Agent for Service of Process:
ERIKA RODRIGUEZ
10822 GEORGE ARCHER DR.
EL PASO, TX 79935

### 2. JOSE GERARDO ROSALES SOTO
Through the Louisiana Long Arm Statute
10822 GEORGE ARCHER DR.
EL PASO, TX 79935

### 3. TERRY FRYE D/B/A AFTER HOURS REPAIR SERVICES
Through Personal Service
6 HIGHWAY 609
DELHI, LA 71232

*December 23, 2025*
*Shirley Duerson*
*Dy. Clerk*

NUMBER: 25-21 DIVISION: B

**MELISSA MOORE AND**
**CHARLES DARNELL CARLISLE**

**VERSUS**

**GO RAM TRANSPORTATION, LLC**
**AND JOSE GERARDO ROSALES**
**SOTO**

**6TH JUDICIAL DISTRICT COURT**

**PARISH OF MADISON**

**STATE OF LOUISIANA**

---

### REQUEST FOR NOTICE

---

TO:    **Honorable Clerk of court of the 6th JDC**
       **Parish of Madison**
       **100 North Cedar Street**
       **Post Office Box 1710**
       **Tallulah, LA 71282**

In accordance with the provisions of Articles 1571 and 1572 of the *Louisiana Code of Civil Procedure*, you are hereby requested to give us , as counsel for Plaintiffs, written notice by mail, ten (10) days in advance of any date fixed for a trial or hearing of the case, whether on exception, rule or on the merits thereof.

And, in accordance with the provisions of Articles 1913 and 1914 of the *Louisiana Code of Civil Procedure*, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case upon the entry of any such order or judgment.

**Respectfully Submitted,**

*A. Price Mounger*

**H. Price Mounger, III, Bar Roll No. 19077**
**Post Office Box 277**
**611 Queen Mountain Road**
**Highlands, NC 28741**
**Telephone: (504) 782-1385**
**Emai Address: PriceMounger@gmail.com**
*Attorney for Melissa Moore and Charles Darnell Carlisle*

A TRUE COPY ATTEST
Dy. Clerk of Court Madison Paris