UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MELISSA MOORE AND
CHARLES DARNELL CARLISLE

VERSUS

GO RAM TRANSPORTATION, LLC
JOSE GERARDO ROSALES SOTO,
AND TERRY FRYE D/B/A AFTER
HOURS REPAIR SERVICES

CIVIL ACTION NO.:

DISTRICT JUDGE:

MAGISTRATE JUDGE:

## ANSWER TO PETITION FOR DAMAGES

Defendant, Goram Transportation, LLC, (hereinafter referred to as "Defendant"), who for answer to the Plaintiff's Petition for Damages respectfully avers as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a right or cause of action against Defendants upon which relief can be granted.

### SECOND DEFENSE

And now, without waiving any of the foregoing defenses and/or exceptions, Defendants answer the allegations of the Plaintiff's Petition for Damages, categorically and by paragraph:

1.

The allegations in Paragraph 1 of the Petition are denied for lack of sufficient information.

2.

A.  The allegations contained in Paragraph 2. A. are admitted.

B.  The allegations contained in Paragraph 2. B.  pertain to another Defendant such that no response is required.  To the extent a response is required, the allegations are denied.

- 1 -

C. The allegations contained in Paragraph 2.C. pertain to another Defendant such that no response is required.  To the extent a response is required, the allegations are denied.

3.

The allegations contained in Paragraph 3 are denied as stated.  Admitted that the federal court has subject matter jurisdiction over this claim.

4.

The allegations contained in Paragraph 4 pertain are denied.

5.

The allegations contained in Paragraph 5 are denied other than admitted that Moore travelled off of the Interstate for a period of time and distance and struck a parked trailer that was legally parked on the shoulder and grass with flashers operating and triangles properly placed.

6.

The allegations contained in Paragraph 6 are denied for lack of sufficient information.

7.

The allegations contained in Paragraph 7 are denied.

8.

The allegations contained in Paragraph 8 are denied as stated.  Admitted that GoRam owned the tractor-trailer, and that Soto was in the course and scope of his professional relationship with GoRam at the time of the accident.

9.

The allegations contained in Paragraph 9 that pertain to other non-parties such that no response is required.  To the extent a response is required, the allegations are denied.

10.

The allegations contained in Paragraph 10 that pertain to other non-parties such that no response is required.  To the extent a response is required, the allegations are denied.

11.

The allegations in Paragraph 11 are denied.

12.

The allegations in Paragraph 12, including all subparts, are denied.

13.

The allegations in Paragraph 13, including all subparts, are denied.

14.

The allegations in Paragraph 14, including all subparts, are denied.

15.

The allegations in Paragraph 15, including all subparts, are denied.

16.

Defendant admits that Plaintiffs demand a jury trial.

## AFFIRMATIVE DEFENSES

**AND NOW**, in further answering the Plaintiffs' Petition for Damages, Defendant present the following affirmative defenses:

## THIRD DEFENSE

All alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the negligence of others including, but not limited to acts of negligence listed of Decedent, below and others to be shown at the time of trial:

   a.    failing to exercise reasonable care under the circumstances prevailing at the time of the accident;

   b.    failing to take proper precautions to avoid the damages in question;

- 3 -

c.      failing to do any act by which the accident made the basis of this lawsuit could have been avoided;

d.      failing to act as a reasonable and prudent person would act under the same or similar circumstances;

e.      failing to be attentive to surroundings and to act in a prudent and cautious manner;

f.      improper braking and/or stopping; and failing to maintain his lane of travel;

g.      carelessly operating motor vehicle;

h.      rear-ending a vehicle;

i.      violating La. Stat. Ann. §32:300.6, which prohibits use of a cell phone

j.      violating La. Stat. Ann. §32:300.5, which prohibits use of  social media

k.      failing to take evasive action so as to avoid the impact and/or collision; and

l.      other acts and/or omissions constituting negligence to be shown at the time of trial herein.

**FOURTH DEFENSE**

Answering in the alternative, and only in the event that Plaintiffs establishes negligence, fault and/or liability on the part of Defendant, which is denied, then Defendant alternatively aver that Plaintiffs' Decedent was contributorily and/or comparatively negligent and that such contributory and/or comparative negligence on the part of Plaintiff's Decedent proximately caused and/or contributed to the occurrence of the alleged accident, and that recovery of damages by Plaintiff herein is accordingly barred and/or mitigated by the comparative and/or contributory negligence of Plaintiff's Decedent. In particular, Defendant LSA-C.C. Art. 2323, effective January 1, 2026, that Plaintiffs shall recover nothing because Moore's negligence was equal to or greater than 51%.  Alternatively, La. Civ. Code Ann. art. 3544 would require that the comparative fault law of Texas would apply under Louisiana choice of law laws since neither

- 4 -

Plaintiffs, nor Soto nor GoRam are domiciled in Louisiana, and GoRam is domiciled in Texas. "In an action to which this chapter applies, a claimant may not recover damages if his percentage of responsibility is greater than 50 percent."  Tex. Civ. Prac. & Rem. Code Ann. § 33.001 (West).

## FIFTH DEFENSE

Alternatively, if there was negligence and/or fault on the part of anyone other than Plaintiff's Decedent in any way constituting a proximate cause of the alleged injuries, if any, made the subject of this lawsuit, such negligence was that of persons or parties other than Defendants, or persons for whom Defendants are or were not responsible, especially Ryder Truck Rental, Inc.

## SIXTH DEFENSE

Defendants specifically plead, as applicable, the affirmative defenses enumerated in Louisiana Code of Civil Procedure Article 1005.

## SEVENTH DEFENSE

Defendant avers that the alleged accident and/or injuries were the result of superseding and/or intervening causes for which these Defendants are or were not responsible.

## EIGHTH DEFENSE

Defendant avers that it is entitled to a credit and/or set off for any and all payments made to or on behalf of Plaintiffs by any person or entity and expressly plead extinguishment of any obligation due to Plaintiffs to the full extent of any such payments.

### NINTH DEFENSE

Recovery, if any, of medical expenses by Plaintiffs should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiffs, any health insurer and/or workers' compensation carrier on Plaintiffs' behalf, after credit for all contractual adjustments, write-offs, credits, or offsets.  Any medical billing for amounts in excess of the reasonable, customary and actual charges for the services provided should be discounted, and any recovery by Plaintiff thereof should be reduced to the reasonable, customary and actual expense.

### TENTH DEFENSE

Defendant reserves the right to amend this answer setting forth additional affirmative defenses and/or file incidental demands as discovery is ongoing and as the facts may later disclose and require.

### JURY DEMAND

Defendant desires and is entitled to a trial by jury on all issues herein.

**WHEREFORE,** Defendant prays that its Answer to Plaintiff's Petition for Damages be deemed good and sufficient, that this matter be tried to a civil jury, and that after due proceedings are had, there be judgment herein in Defendants' favor, and against Plaintiffs, dismissing with prejudice Plaintiffs' Petition for Damages, with an award to the Defendants of their costs and expert fees and expenses, and for all other general and equitable relief as the justice and nature of this cause may require and permit.

Defendant further prays that all issues triable by jury in this matter be tried before a civil jury.

Respectfully submitted,

*/s/ Eric R. Price*
**GUY D. PERRIER (#20323)**
**ERIC R. PRICE (#40017)**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Phone: 504-212-8870
Fax: 504-212-7292
Email: gperrier@perrierlacoste.com
Email: eprice@perrierlacoste.com
*Counsel for Defendant GoRam Transportation,*
*LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing plead has been delivered to all counsel of record, either through the CM/ECF system or by email transmission, this 6th day of February, 2026, at their last known address of record.

*/s/ Eric R. Price*

- 7 -